GEORGE SHANKLIN V. STATE.

No. 2193. Decided January 15, 1913.

**1.—Carrying Pistol—Evidence—Bill of Exceptions.**

Where the bill of exceptions stated no ground of objection or reason why the testimony introduced was not admissible, the same could not be considered on appeal.

**2.—Same—Evidence—Surprise—Date of Offense—Limitation.**

Where, upon trial of unlawfully carrying a pistol, the evidence as to the date of the offense covered a period within two years prior to the filing of the information, and defendant's application that he was surprised at the testimony fixing the date of the offense did not state how he was misled or surprised or that he was unable to present a defense, there was no error in not permitting him to withdraw his announcement and postpone or continue the case.

**3.—Same—Charge of Court—Misdemeanor.**

In the absence of a special charge and bills of exception to the charge of the court in a misdemeanor case, the matter cannot be reviewed on appeal.

**4.—Same—Other Offenses—Bill of Exceptions.**

In the absence of a bill of exceptions to the introduction of testimony of more than one offense, the same cannot be considered on appeal.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*June C. Harris,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted and convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

There are several bills of exception in the record but none in such shape as to present any question for review. The first reads: "Be it remembered that upon the trial of the above styled and numbered cause the State offered to prove by the witness, Joella Martin, and did prove by the witness, Joella Martin, that she saw defendant with a pistol three or four months before the 28th day of April, 1912, to which testimony defendant objected, which objection was by the court overruled, whereupon defendant, in open court, excepted to the ruling of the court, and here now tenders his bill of exceptions. This is all of the bill, and no grounds of objection are stated and no reason given why the testimony was not admissible.

Bill No. 2 states that Margaret Miles testified that she saw defendant with a pistol about four months before the 28th day of April; Allen Jones also testified that he had seen defendant with a pistol prior to April 28, 1912, and this was objected to in Bills Nos. 3 and 4, but in none of the bills are any grounds of objection stated, and no reason why the testimony was not admissible given. The record being in this condition, we can not say that the court erred in the matter, for it is not presented in a way that calls our attention to the error, if it was error.

In bill No. 5 the defendant shows that after the above witnesses had testified, defendant asked leave to withdraw his announcement and to postpone or continue the case, because the testimony was a surprise to him and he was not prepared to meet it; that he had been arrested charged with carrying on and about his person a pistol on or about the 28th day of April 1912, and that he had not expected that evidence of other and different transactions would be admitted by the court. The court, in approving the bill, states: "This bill No. 5 is approved with the statement that defendant named no witness, nor asked a postponement for the purpose of obtaining the evidence of any witness stated or suggested, neither in his motion for new trial did he introduce any evidence nor affidavits or give the name of any witness in defendant's behalf." Under the decisions of this court the information covered a period within two years prior to filing of the complaint and information and the application does not state how, or by whom appellant was misled into the belief that the State would rely on a transaction taking place on April 28th, if he did so rely, at the time of announcement for trial. Nor does he in the application state that he will be able to present a defense of the offense as testified to by these witnesses; consequently, we would not be authorized to hold

that the court abused his discretion in refusing to postpone or continue the case.

The appellant requested no special charges and reserved no bill of exceptions to the charge of the court, consequently, this being a misdemeanor, we will not review the charge. However, the paragraph complained of in the motion for new trial would not present error, in the absence of a special charge presenting the matter more specifically.

Appellant has filed an able brief, and if the matters were as fully and specifically presented in the bills of exception as he presents them in his brief, it may be that the court admitted evidence of more than one offense, and if he did so, and it had been objected to on that ground, and the bill of exception so showed, it might present error. But if the defendant made any such objection on the trial of the case the bills do not disclose that fact, and if evidence of more than one offense was offered, and the State should seek to again try him, he will be protected by a plea of former conviction for all acts offered in evidence on this trial. We, on appeal, can pass on only such objections as were made on the trial of the case.

The judgment is affirmed.

*Affirmed.*